Lek v Lek (2022 NY Slip Op 06434)

Lek v Lek

2022 NY Slip Op 06434

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Manzanet-Daniels, J.P., Webber, Mazzarelli, Friedman, Shulman, JJ. 

Index No. 309100/19 Appeal No. 16664 Case No. 2021-04345 

[*1]Charles Frederik Lek, Plaintiff-Respondent,
v
Olesya Aleksandrovna Lek, Defendant-Appellant.

Howard Freedman, New York, for appellant.
Pryor Cashman LLP, New York (Ronnie Schindel of counsel), for respondent.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered on or about October 8, 2021, which, to the extent appealed from, denied defendant's motion for an award of 50% of the rental proceeds from the parties' former primary marital residence, unanimously reversed, on the law, with costs, defendant's motion granted, and the matter remanded for further proceedings consistent with this decision.
The relief sought by defendant was contemplated by the parties' prenuptial agreement. This Court previously determined that, under the terms of the prenuptial agreement, the subject property was the parties' "Primary Marital Residence" and that defendant had "an equal ownership interest" in it (see Lek v Lek, 196 AD3d 403, 404 [1st Dept 2021]). The prenuptial agreement provides that upon a dissolution event, the Primary Marital Residence "shall constitute Marital Property," as if "held in the parties' joint names," and shall be listed for sale within 90 days unless one party agrees to buy out the other party's interest. Plaintiff, however, rented the property to his father pursuant to a three-year lease, which included the right to renew and right of first refusal in the event of a purchase offer. Defendant contends that this impeded the sale of the property to her detriment.
Although the prenuptial agreement is silent on the issue of rental proceeds, employing a "commonsense" approach, we find that the parties intended for defendant to share in the rental proceeds generated by the property (see generally Awards.com v Kinko's, Inc., 42 AD3d 178, 183-184 [1st Dept 2007], affd 14 NY3d 791 [2010]). Because the contract evinces the parties' clear intent to treat the Primary Marital Residence as jointly titled marital property, entitling defendant to 50% of its value upon a dissolution event, it follows that defendant is entitled to 50% of the rental proceeds. Contrary to plaintiff's contention, nothing in the prenuptial agreement contradicts this interpretation.
Accordingly, we remand the matter for a calculation of rental proceeds during the relevant period, of which defendant should be awarded half.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022